UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
Us AT DAYTON

| | | |
|---|---|---|
| **PATRICIA MARTIN,** *Individually and as Administratrix of the Estate of her Son, Dontae Martin Sr.* c/o Wright & Schulte, LLC. 130 West 2nd Street, Suite 1600 Dayton, OH 45402, | : : : : : : : | Case No. **Judge** **COMPLAINT AND JURY DEMAND** |
| Plaintiff, | : : | |
| v. | : : | |
| **JOSHUA HAAS** **individually and in his official capacity as an employee of Montgomery County** c/o Montgomery County Sheriff's Office 345 West Second Street P.O. Box 972 Dayton, Ohio 45422-2427, | : : : : : : : : : | |
| and | : : | |
| **GUST TEAGUE** **individually and in his official capacity as an employee of Montgomery County** c/o Montgomery County Sheriff's Office 345 West Second Street P.O. Box 972 Dayton, Ohio 45422-2427, | : : : : : : : : : | |
| and | : : | |
| **SHERIFF PHIL PLUMMER,** **individually and in his official capacity as an employee and Sheriff of Montgomery County** c/o Montgomery County Sheriff's Office 345 West Second Street P.O. Box 972 | : : : : : : : : : | |

| | |
|---|---|
| **Dayton, Ohio 45422-2427** | : |
| | : |
| **and** | : |
| | : |
| **MONTGOMERY COUNTY, Ohio and** | : |
| **THE MONTGOMERY COUNTY** | : |
| **BOARD OF COMMISSIONERS** | : |
| **In Their Official Capacities** | : |
| **451 W. Third Street** | : |
| **Dayton, Ohio 45422** | : |
| | : |
| **and** | : |
| | : |
| **JOHN AND JANE DOES 1 – 10** | : |
| **c/o Montgomery County Sheriff's** | : |
| **Office** | : |
| **345 West Second Street** | |
| **P.O. Box 972** | |
| **Dayton, Ohio 45422-2427,** | |

      **Defendants.**

---

## I. PRELIMINARY STATEMENT

1. This civil rights action challenges the gratuitous, excessive, and objectively unreasonable force used against an unconscious Dontae Martin, Sr. who was laying back in his car, not moving, when two Montgomery County Sheriff's deputies, Joshua Haas and Gust Teague, open fired on him, killing him.

## II. JURISDICTION

2. Jurisdiction over claims arising from Defendants' violation of the Civil Rights Act is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4).

3. Jurisdiction over the state law claims is conferred upon this Court by 28 U.S.C. §1367.

4. Venue is proper in this Division.

## III. THE PARTIES

5.      Plaintiff, Patricia Martin, is the mother of, decedent, Dontae Martin, Sr., who was a resident of Montgomery County, Ohio and a citizen of the State of Ohio at the time of his death. Ms. Martin brings this suit as the Administratrix of the Estate of Dontae Martin, Sr. for the benefit of his estate including but not limited to his five children, and all other heirs.

6.      Defendant Joshua Haas is a "person" under 42 USC § 1983 and was at all times relevant to this action employed by the Montgomery County Sherriff's Department as a deputy and acting under color of law.  He is sued in his individual and official capacities.

7.      Defendant Gust Teague is a "person" under 42 USC § 1983 and was at all times relevant to this action employed by the Montgomery County Sheriff's Department as a deputy and acting under color of law. He is sued in his individual and official capacities.

8.      Defendant Phil Plummer, Sheriff of Montgomery County, Ohio is a "person" under 42 USC § 1983 and was at all times relevant to this action employed by the Montgomery County Sheriff's Department as a deputy and was responsible for supervising activities and subsequently ratified the conduct and activities of Deputies Haas and Teague, and acting under color of law. He is sued in his individual and official capacities.

9.      Montgomery County is a is a unit of local government organized under the laws of the State of Ohio.  Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.  The Board is sued in its official capacity.

10.     Defendants John and Jane Does were persons under 42 USC § 1983 who were employed by the Montgomery County Sherriff's Department and were responsible for supervising the activities of the Montgomery County Sheriff's Department, including Deputies

Haas and Teague, and who were acting under color of law. They are each sued in his/her individual and official capacity.

## IV. FACTS

11. Dontae Martin was 34 years old when he was killed. He was the loving and devoted father of five young children who miss him dearly.

12. On the evening of July 23, 2015, Mr. Martin was incapacitated in his vehicle following a minor accident involving his car rolling into a neighbor's mailbox, located on Springbrook Drive in Harrison Township, Montgomery County, Ohio.

13. Defendant Deputies Haas and Teague were dispatched to the scene following reports of a car accident where no one had gotten out of the vehicle.

14. The Deputies knew that they were responding to the scene of a car accident where injuries were suspected. They knew that they were not responding to a crime scene. They were dispatched to the scene without lights and sirens.

15. Defendants Hass and Teague arrived in separate cruisers. At no time did either officer activate his lights or sirens. As such, neither dash camera recorded what happened. Additionally, neither officer wore a body camera.

16. Neighbors were outside their homes watching the officers, concerned for the driver who had not yet emerged from the car. Some neighbors had a clear view of the vehicle and the officers and were able to see inside the vehicle when other car's lights or the officer flashlights lit up the inside of the car. At no time did Dontae Martin move or regain consciousness. His head remained back on the reclined seat's headrest during the entire encounter with the Deputies.

17.     Dontae Martin was seated in the driver's seat, which was in an almost fully reclined position after the accident.

18.     Defendants Haas and Teague approached Mr. Martin's vehicle from behind without identifying themselves.  Deputy Haas approached from the rear driver's side and Deputy Teague approaching from the rear passenger's side.  Both Deputies approached with their guns drawn and aimed at Mr. Martin.  They each shined their flashlights into the vehicle.

19.     Each Defendant approached from the rear of the vehicle, at such an angle they could not see clearly into the front compartment of the vehicle.  However, with their flashlights trained on Mr. Martin, they could see he was not moving, with his head was back on the headrest, in the almost fully reclined driver's seat.

20.     Deputy Hass claims he saw a gun near Mr. Martin's lap and yelled "he has a gun" or "drop the gun."  Because he was not conscious, Dontae Martin was unable to respond to verbal statements from Deputies Haas and Teague. Immediately, both deputes unloaded their weapons into Mr. Martin, firing from both sides of the vehicle.  Deputy Hass fired six shots and Deputy Teague fired seven shots.  Mr. Martin died soon thereafter of multiple gunshot wounds to his head, chin, cheeks, back of his neck, back of his shoulder, his upper back and his upper chest.

21.      Defendants initiated deadly force against Mr. Martin without justification.  Less than 90 seconds elapsed from the time the Deputies arrived on scene to when they shot and killed Mr. Martin.

22.     In violation of crime scene procedures, after the shooting, Defendants searched Mr. Martin's vehicle, found a weapon, and removed if from his vehicle.

23. As a direct and proximate result of the conduct of Defendants Haas, Teague and Does, Dontae Martin, Sr. suffered physical injury, pain and suffering immediately following the shooting and then promptly died due to the massive trauma from the multiple gunshots caused by the almost point blank gunshots from Deputies Haas and Teague's firearms. The source of the claim is the aforementioned personal physical injury and wrongful death of Dontae Martin, Sr.

24. As a further direct and proximate result of Dontae Martin Sr.'s wrongful death, Mr. Martin's survivors, next of kin and/or heirs have suffered permanent damages, including but not limited to, grief, depression, and severe emotional distress. They have incurred funeral bills and other expenses and will incur additional expenses in the future.

## V. FIRST CAUSE OF ACTION – CLAIM FOR EXCESSIVE FORCE §1983

25. Plaintiff incorporates all foregoing paragraphs of this Complaint by reference as if fully rewritten herein.

26. Defendants Haas and Teague were carrying out a governmental function in employing the excessive use of force resulting in the wrongful death of Mr. Martin.

27. Mr. Martin posed no threat to the deputies, but was shot multiple times by both officers. The actions taken by Defendants Haas and Teague were excessive and objectively unreasonable under clearly established law.

28. The Defendants have, under color of law, deprived Plaintiff of clearly established rights, privileges and immunities secured by the Fourth Amendment to the United States Constitution of which a reasonable person would have known. These rights include, but are not limited to, the right to be free of seizures without probable cause and to be free of excessive force.

### VII. SECOND CAUSE OF ACTION – WRONGFUL DEATH

29. Plaintiff incorporates all foregoing paragraphs of this Complaint by reference as if fully rewritten herein.

30. Defendants actions caused the wrongful death of Dontae Martin, Sr. resulting in damages recoverable under R.C. §2125.02.

### VII. THIRD CAUSE OF ACTION- MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT

31. Plaintiff incorporates all foregoing paragraphs of this Complaint by reference as if fully rewritten herein.

32. At all relevant times mentioned herein, Montgomery County employed Defendants Haas and Teague as deputies of the Montgomery County Sheriff's Department. Montgomery County provided these employees with official badges, identification, and uniforms, which designated and described them as Montgomery County Sherriff's deputy employees.

33. Based upon the principles set forth in *Monell v. New York City Department of Social Services,* 436 U.S. 658 (1978), Montgomery County is liable for the death of Dontae Martin and all injuries sustained by his next of kin as set forth herein.

34. The policies, practices and/or customs of the Montgomery County Sheriff's Department were the moving force behind the excessive force used to cause Mr. Martin's death.

35. Despite the facts and circumstances surrounding the fatal shooting of Dontae Martin, that clearly demonstrate the shooting and killing was unreasonable and unlawful, upon information and belief, Defendants Montgomery County and Phil Plummer have failed to meaningfully investigate the excessive use of force, impose any discipline on Defendants Haas, Teague, and Does, and thereby ratified the actions of these Defendants.

36. Additionally, Montgomery County through the Sheriff's Department under the control and leadership of Phil Plummer maintained or permitted one or more of the following official policies, customs, or practices which included, *inter alia,* deliberately indifferent to the constitutional rights of persons involved in car accidents to be free from unreasonable deadly force, such as Mr. Martin:

   a. Failure to provide adequate training and supervision to Sheriff's deputies with respect to constitutional limits on use of force;

   b. Failure to adequately discipline or retrain officers involved in misconduct;

   c. Selection, retention, and assignation of officers with demonstrable propensities for excessive force, violence, dishonesty, and other misconduct;

   d. Ratification by the highest levels of authority of the specific unconstitutional acts alleged in this complaint;

   e. Law Enforcement Code of Silence; and/or

   f. Failure to properly and meaningfully investigate the shootings of civilians, particularly young Black men;

37. These policies, practices, actions, and customs were the moving force behind, *inter alia*, the unreasonable shooting of Dontae Martin Sr., and together were the direct and proximate cause of the unconstitutional acts committed in this case and the injuries and death sustained by Dontae Martin, Sr. and his Estate.

## VIII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests this Court to award her:

   A. Compensatory damages in an amount greater than Seventy-Five Thousand Dollars ($75,000.00);

B.  Punitive damages in an amount to be shown at trial;

C.  Reasonable attorney fees;

D.  Prejudgment interest;

E.  Costs incurred in this action;

F.  Such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

| | |
|---|---|
| /s/ Jennifer L. Branch | /s/ Robert L. Gresham |
| Alphonse A. Gerhardstein (0032053) | Michael L. Wright (0067698 |
| Trial Attorney for Plaintiff | Robert L. Gresham (0082151) |
| Jennifer L. Branch (0038893) | 130 W. Second St., Suite 1600 |
| Gerhardstein & Branch, Co LPA | Wright & Schulte, LLC. |
| 441 Vine Street, Suite 3400 | Dayton, Ohio 45402 |
| Cincinnati, Ohio 45202 | (937) 222-7477 |
| (513) 621-9100 | (937) 222-7911 fax |
| (513) 345-5543 Fax | mwright@yourohiolegalhelp.com |
| agerhardstein@gbfirm.com | rgresham@yourohiolegalhelp.com |
| jbranch@gbfirm.com | Attorneys for Plaintiff |

**JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues triable by a jury.

/s/ Robert L. Gresham
Attorney for Plaintiff